## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| **DAVID HERNANDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. DR-16-CV-164-AM/CW** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |

### ORDER

Pending before the Court is the Plaintiff's Motion to Remand. (ECF No. 2.) After this case was removed from state court, the Plaintiff filed the present motion to remand, arguing that removal was untimely. After reviewing the parties' briefings, exhibits, and the applicable legal authority, the Court finds that the motion to remand should be **GRANTED,** for the reasons explained below.

### I. BACKGROUND

This litigation arises from a dispute over an insurance claim after a storm damaged Plaintiff David Hernandez's home in Eagle Pass, Texas. Claiming that his insurer, Defendant State Farm Lloyds ("State Farm"), inadequately compensated him for repairs, Hernandez filed suit against State Farm in the 365th Judicial District of Maverick County, Texas, on August 18, 2014, alleging claims for breach of contract, bad faith, and violations of the Texas Insurance Code and DTPA. (Pl.'s Original Pet., Def.'s Ex. 2A, ECF No. 1-3.) The petition sought actual damages, consequential damages, statutory interest penalties, and attorney's fees. The petition also pleaded to conduct discovery under Level 1, pursuant to Texas Rule of Civil Procedure 190.2, and sought monetary relief of "$74,500 or less," including all damages and costs of any kind, in accordance with Rules 47 and 169. (*Id.*)

On January 12, 2015, as the parties were conducting discovery, Hernandez indicated in his initial Responses to Defendant's Requests for Disclosure that he was seeking $62,782.06, the estimated cost to make repairs to his property. (Pl.'s Ex. C, ECF No. 2-4 at 4.) He also indicated that in addition to economic damages, he was seeking "additional damages, statutory penalties, including Insurance Code and DTPA penalties, and attorney's fees." (*Id.*)

As discovery progressed, Hernandez filed various amended responses to the request for disclosure, claiming the cost of repair was (1) again $62,782.06 (First Am. Resp., May 22, 2015, Def.'s Ex. 2E(1), ECF No. 1-8 at 3); (2) in excess of $25,000 (Second Am. Resp., Sep. 28, 2015, Pl.'s Ex. D, ECF No. 2-5 at 4); (3) in excess of $25,000 (Third Am. Resp., Mar. 9, 2016, Def.'s Ex. 2E(2), ECF No. 1-9 at 4); (4) in excess of $25,000 (Fourth Am. Resp., May 6, 2016, Def.'s Ex. 2E(3), ECF No. 1-10 at 4; and (5) in excess of $25,000 (Fifth Am. Resp., Sep. 30, 2016, Pl.'s Ex. F, ECF No. 2-7 at 5). In addition to the cost of repairs, Hernandez sought additional damages each time, including statutory penalties and attorney's fees.

On September 16, 2016, over two years after initially filing suit, Hernandez amended his petition to allege damages exceeding $100,000 and to change the discovery level to Level 3 under Rule 190 of the Texas Rules of Civil Procedure. (ECF No. 1-4.) State Farm then removed the case to federal court on October 14, 2016, based on diversity jurisdiction. Hernandez, in turn, filed the present motion to remand, arguing that removal was untimely under 28 U.S.C. § 1446.

## II. RELEVANT LAW

A case may be removed to federal court—specifically to the district and division that embraces the state court in which the case was filed—if the case fits the jurisdictional

requirements under the United States Code. 28 U.S.C. § 1441. In pertinent part, federal courts have original jurisdiction over all civil cases where complete diversity of citizenship exists among the parties and the amount in controversy for the case exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

If a case is removable based on the initial pleading, a notice of removal may be filed within thirty days after a defendant receives the initial pleading. 28 U.S.C. § 1446(b)(1). If an action is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). "A discovery response may constitute an 'other paper' under the federal removal statute, notifying defendant of an action's removability and triggering the 30-day removability period." *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011). However, "information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running . . . ." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Section 1446(c)(1) also states that "[a] case may not be removed under subsection (b)(3) . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[1] Although not an exclusive example, § 1446 notes that if a plaintiff "deliberately failed to disclose

---

[1] The "bad faith" exception in § 1446 is relatively new, added by Congress in 2011. Since the amendment, no circuit court has explicitly addressed the bad faith exception. However, prior to the 2011 amendment, the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003), held that an equitable exception, comparable to the bad-faith exception, applied to the one-year limit where a plaintiff attempts "to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights . . . ." Thus, pre-amendment cases discussing *Tedford* are still potentially relevant and persuasive.

the actual amount in controversy to prevent removal, that finding shall be deemed bad faith. . . ."
§ 1446(c)(3)(B).

When determining the merits of a motion to remand, the burden of establishing and proving jurisdiction in federal court lies with the party that exercised removal of the case. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2000). This burden "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008). Because removal "raises significant federalism concerns," the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident and Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (internal quotations omitted). Accordingly, the Court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281.

### III. ANALYSIS

The parties do not dispute that the amount in controversy exceeds the $75,000 threshold, that the parties are diverse, or that the case was not initially removable. Rather, Hernandez argues that remand is appropriate for two reasons. First, he argues that removal was untimely under § 1446(c)(1) because State Farm did not remove the present case until over two years after he filed suit in state court. Second, he argues that his discovery responses dating back to January 12, 2015, indicated that the amount in controversy exceeded $75,000. Thus, under § 1446(b)(3), State Farm had thirty days from that point to file a notice of removal but failed to do so.

State Farm, in turn, argues that the amount in controversy did not become apparent until September 16, 2016, when Hernandez filed his first amended petition in state court seeking damages in excess of $100,000. State Farm also argues that Hernandez acted in bad faith by waiting so long to amend his petition to clarify he was seeking more than $75,000 in damages. In support, State Farm points to various filings where Hernandez consistently maintained that damages did not exceed $75,000.00.  State Farm also contends that Hernandez's concession that the case was removable based on the initial discovery responses is proof that Hernandez acted in bad faith.  Thus, according to State Farm, removal was timely, since the notice of removal was filed within thirty days of receipt of the first amended petition.

After reviewing the record, the Court finds that State Farm's removal was untimely. First, it was unequivocally clear on January 12, 2015—when State Farm received the initial discovery responses—that the case was removable.  To determine the amount in controversy for purposes of removal, a court factors in not only economic damages, but also attorney's fees, penalties, statutory damages, and punitive damages.[2]  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F. 3d 1250 (5th Cir. 1998) (considering statutory damages of eighteen percent per year under the Texas Insurance Code); *United States Fire Ins. Co v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001) (factoring in punitive damages); *Manguno*, 276 F.3d 720 (factoring in attorney's fees).  Here, both Hernandez's original petition and his initial disclosure response indicated that he was seeking attorney's fees and statutory penalties under the DTPA and the Texas Insurance Code.  At the point of the receipt of the disclosure responses where Hernandez indicated he was also seeking $62,782.06 in economic damages, it was unequivocally clear and certain that Hernandez was seeking a sufficient additional amount to reach the $75,000

---

[2]  Statutory interest is considered a penalty and is included in the amount in controversy, even though 1332 excludes interest.

jurisdictional threshold. Statutory interest alone at eighteen percent would amount to $11,000 per year. *See* Tex. Ins. Code § 542.060; *cf. Wofford v. Allstate Ins. Co.*, No. Civ. A. 304CV2699-M, 2005 WL 755761, at *2 (N.D. Tex. Apr. 4, 2005) (finding jurisdiction where the claim for actual damages was $35,594, after factoring in potential punitive damages, enhanced statutory damages, and attorney's fees). State Farm's failure to remove the case within thirty days of receiving the initial disclosure responses thus warrants remand.

Even assuming the initial disclosure responses did not trigger the thirty-day removal period, the Court finds no evidence that Hernandez acted in bad faith to prevent removal within a one-year time frame. Essentially, State Farm's argument in support of a finding of bad faith is based on (1) Hernandez's failure to ever explicitly state that damages exceeded $75,000, and (2) Hernandez's failure to amend his petition within one year, especially in light of now admitting that the amount in controversy was actually in excess of $75,000 from as early as October of 2015.

The Court finds no merit to these arguments. The amount alleged in the petition is not controlling within Texas, except to the extent governed by Rule 47 (requiring a plaintiff to include a statement seeking a general range of monetary relief) and the discovery rules. *See, e.g.*, Tex. R. Civ. P. 169 (providing for a cap of $100,000 in total recovery where expedited discovery is conducted). Furthermore, there is nothing to indicate the amount sought in the original petition was false at the time suit was filed. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (damages are pleaded in bad faith when such pleading is made with the knowledge that the claim is actually worth more). Discovery is an ongoing process, and it is certainly feasible that the amount of damages can grow as more and more facts become known.[3]

---

[3] In this case, the assessed economic damages actually *decreased* over time.

State Farm has also failed to point to any Texas law requiring a plaintiff to promptly amend his petition to reflect an increase in damages. In fact, Texas law permits a plaintiff to amend his petition to request an increased amount of damages at any time before a final judgment is entered, even after a jury verdict. *Greenhaigh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990) (citing Tex. R. Civ. P. 66). Courts have also found that a plaintiff's failure to quantify damages until after the one-year mark does not warrant an exception to the one-year bar on removal. *Tran v. Citibank, N.A.*, Civ. No. 3:10-CV-0075-G, 2010 WL 3633595 (N.D. Tex. Sep. 20, 2010). It therefore logically "follows that a failure to amend the complaint to reflect an increase of damages does not warrant an exception to the one-year bar on removal." *Lujan v. Alorica, Inc.*, EP-15-CV-355-KC, 2016 WL 8857008 (W.D. Tex. May 24, 2016).

Hernandez's explanation for the delay in amending the petition is also evidence that he did not act in bad faith. On October 8, 2015, two months after the one-year removal period had passed, Hernandez received a letter from State Farm in which it admitted to being liable for the cost to repair damages to his fencing. (*See* ECF No. 2-6.) State Farm also paid him additional policy benefits and statutory interest penalties. After reevaluating the value of the case, Hernandez's attorneys determined that the case was now potentially worth more than $100,000 because of the increased possibility of success in holding State Farm liable for breach of contract, violating the Texas Insurance Code, recovering attorney's fees, and possibly even treble damages. Accordingly, Hernandez amended his complaint to expand discovery to Level 3 and thus the amount of potential recovery to beyond $100,000. *See* Tex. Civ. P. Rule 190.4. Although Hernandez waited ten months after receipt of the letter to amend his complaint, this does not change the fact that the letter was not received until after the one-year removal period

7

had expired. Thus, Hernandez's delay in amending the petition in no way affected State Farm's ability to timely remove the case within one year.

Finally, the Court also notes that in general, courts who have found bad faith have done so in light of much more egregious facts. These cases usually involve improperly named non-diverse defendants, adding last-minute claims or parties, or acting in a dilatory fashion to transparently prevent timely removal.[4] None of those factors are present here.

## IV. CONCLUSION

In light of the foregoing, the Court finds that State Farm's removal was untimely. Accordingly, it is **ORDERED** that Hernandez's motion to remand (ECF No. 2) is **GRANTED**.

---

[4] See e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003) (a pre-2011 amendment case recognizing an equitable exception to the one-year period where the plaintiff (1) was unable to state a cognizable claim under Texas law against the sole non-diverse defendant, (2) initially incorrectly named a defendant to manipulate venue, (3) immediately amended her complaint to add a non-diverse defendant upon learning the defendant was going to remove the case, and (4) non-suited the sole non-diverse defendant before the one-year deadline but did not file the document with the court until after the deadline); Lawson v. Parker Hannifin Corp., Civ. No. 4:13-cv-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014) (finding bad faith where the plaintiff (1) waited seven months after filing her petition to serve the non-diverse defendant, (2) did not take a default judgment against the non-diverse defendant when the answer deadline expired, (3) lacked diligence and needlessly delayed conducting discovery, and (4) was not monetarily compensated under a settlement agreement with the non-diverse defendant); In re Propulsid Prods. Liab. Litig., Civ. No. 06-2001/MDL No. 1355, 2007 WL 1668752, at *1 (E.D. La. June 6, 2007) (denying motion to remand where plaintiff failed to serve any discovery on non-diverse defendants, took no depositions of non-diverse defendants, and delayed dismissal of non-diverse defendants); Elsholtz v. Taser Int'l, Inc., 410 F. Supp. 2d 505, 506–07 (N.D. Tex. 2006) (denying motion to remand based on the plaintiff's (1) repeated requests for continuance of a plea to the jurisdiction hearing, (2) failure to timely serve the diverse defendant, and (3) nonsuit of the non-diverse defendant after expiration of the removal deadline); Davis v. Merck & Co., 357 F. Supp. 2d 974, 978–79 (E.D. Tex. 2005) (denying motion to remand where the plaintiff failed to file a required expert report against a non-diverse defendant); Shiver v. Sprintcom, Inc., 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (refusing to remand where the plaintiff nonsuited the only non-diverse defendant on the eve of trial).

This case is hereby **REMANDED** to the 365th Judicial District Court of Maverick County, Texas, for further proceedings.   It is **FURTHER ORDERED** that the Clerk of Court shall administratively close this cause of action.

SIGNED and ENTERED on this 19th day of September , 2017.

ALIA MOSES
United States District Judge